UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CSX TRANSPORTATION, INC.,

        Plaintiff,        1:14-CV-0678(GTS/ATB)

v.

FABIO B. FLOCCUZIO,

        Defendant.
_____

GLENN T. SUDDABY, United States District Judge

## ORDER ON RECONSIDERATION, ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

On Friday, June 6, 2014, CSX Transportation, Inc. ("Plaintiff") filed a Complaint alleging, *inter alia*, that Fabio B. Floccuzio ("Defendant") is unlawfully interfering with its rail transportation services. (Dkt. No. 1.) Accompanying the Complaint were a request for an Order to Show Cause, a Motion for a Temporary Restraining Order, and a Motion for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65(b)(1) and Local Rules 7.1(f) and (e) of the Local Rules of Practice for this Court. (Dkt. No. 4.)

That same day, the Court issued an Order that (1) denied Plaintiff's request for an Order to Show Cause, (2) reserved decision on Plaintiff's Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction, (3) ordered Plaintiff to serve on Defendant a copy of its Complaint, Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction (along with a copy of the Court's Order) by 5:00 p.m. on June 8, 2014, and (4) ordered the parties to appear at 10 a.m. on Tuesday, June 10, 2014, at the Federal Courthouse in Albany, NY, for a hearing and oral argument on the Motions. (Dkt. No. 5.)

On June 7, 2014, Defendant provided an affidavit of service attesting to the fact that the aforementioned papers were left with an adult female resident at Defendant's residence or usual place of above. (Dkt. No. 6.)

On June 9, 2014, the undersigned's Courtroom Deputy was contacted by telephone by Defendant (through his non-attorney agent). During that telephone communication, Defendant requested an adjournment of the hearing and oral argument scheduled for June 10, 2014, due to his need to obtain counsel and prepare a response.

Upon careful reconsideration of the Court's Order of June 6, 2014, the Court *sua sponte* vacates that Order, adjourns the hearing and oral argument scheduled for June 10, 2014, grants Plaintiff's request for an Order to Show Cause,[1] and grants Plaintiff's Motion for a Temporary Restraining Order.

In so doing, the Court finds as follows: (1) Plaintiff has sufficiently established a likelihood of irreparable harm if a Temporary Restraining Order is not issued between the date of this Order and the date of a hearing and oral argument on Plaintiff's Motion for a Preliminary Injunction, in that Defendant's erection of barricades on yard track operated by Plaintiff has and will continue to significantly impair Plaintiff's ability to provide timely and safe freight service along the Selkirk, Mohawk, and Hudson Subdivisions; and (2) Plaintiff has sufficiently established (a) a likelihood of success on the merits of its claims under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C.A. § 10101 *et seq.* (as well its

---

[1] The Court notes that Plaintiff has adduced affidavit testimony that, on June 4, 2014, it informed Defendant that it intended to institute legal proceedings thereon and bring its motion for a temporary restraining order. (Dkt. No. 4, Attach. 3, at ¶ 3 [Robinson Affid.].) During that time, according to Plaintiff, Defendant indicated that he had counsel. (*Id.*)

common law claims for trespass and conversion), and (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.

The Court bases these findings on the following: (1) Plaintiff's memorandum of law, dated June 5, 2014, (2) the affidavit of Jesse Sutton dated June 4, 2014, (3) the affidavit of Michael Sliper dated June 4, 2014, (4) the affidavit of Terence L. Robinson, Jr., dated June 4, 2014, (5) the Declaration of Elizabeth Walsh dated June 5, 2014, (6) the exhibits attached to the Declaration of Elizabeth Walsh, (7) the Declaration of Lawrence Ratcliffe dated June 5, 2014, and (8) Plaintiff's Complaint.  (Dkt. Nos. 1, 4.)

The Court orders Plaintiff to orally inform Defendant of the contents of this Order by 7:00 p.m. on Monday, June 9, 2014.  The Court also orders Plaintiff to deliver to Defendant a copy of this Order by 5:00 p.m. on Tuesday, June 10, 2014, and then to promptly file with the Court an affidavit of service.  Plaintiff shall file and serve a response to Plaintiff's Motion for a Preliminary Injunction by 5:00 p.m. on Friday, June 13, 2014.  Finally, the parties are directed to appear before the undersigned for a hearing and oral argument on Plaintiff's Motion for a Preliminary Injunction at 11:00 a.m. on Thursday, June 19, 2014, at the Federal Courthouse in Albany, NY.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's request for an Order to Show Cause and its motion for a Temporary Restraining Order (Dkt. No. 4) are **GRANTED**, but that decision on its motion for a preliminary injunction (Dkt. No. 4) is **RESERVED**; and it is further

**ORDERED** that Plaintiff shall post security bond in the amount of **SEVENTEEN THOUSAND DOLLARS** ($17,000) on or before 5:00 p.m. on Friday, June 13, 2014; and it is further

**ORDERED** that Defendant and his agents, servants, employees, partners, and attorneys, and all persons in active concert and participation with them who receive actual notice of this Order, are **RESTRAINED** from in any manner either directly or indirectly doing the following acts: erecting or maintaining any barricades or other impediments to railway tracks located on or adjacent to real property owned by Defendant in Rotterdam, New York, with an address of 769 Burdeck Street, Rotterdam, New York 12306 and a Schenectady County Tax Map ID of 48.-3-6.1; and it is further

**ORDERED** that Plaintiff, or its agents, servants, or employees, are authorized to immediately **REMOVE** any such barricades or impediments and to place the same on the aforementioned property owned by Defendant, and are hereby granted access to Defendant's aforementioned property to effectuate the removal of the barricades; and it is further

**ORDERED** that this Temporary Restraining Order shall expire within **FOURTEEN (14) DAYS** after entry, unless it is extended by order of this Court or with the consent of Defendant; and it is further

**ORDERED** that Plaintiff shall **ORALLY INFORM** Defendant of the contents of this Order by 7:00 p.m. on Monday, June 9, 2014; and it is further

**ORDERED** that Plaintiff shall **DELIVER** to Defendant a copy of this Order by 5:00 p.m. on Tuesday, June 10, 2014, and then promptly file an affidavit of service; and it is further

**ORDERED** that Defendant shall file with this Court, and serve on Plaintiff's counsel, his response to Plaintiff's Motion for a Preliminary Injunction by 5:00 p.m. on Friday, June 13, 2014;[2] and it is further

**ORDERED** that the hearing and oral argument scheduled for 10:00 a.m. on Tuesday, June 10, 2014, is **ADJOURNED**: the parties shall appear before the undersigned for a hearing and oral argument on Plaintiff's Motion for a Preliminary Injunction at **11:00 A.M.** on **THURSDAY, JUNE 19, 2014,** in the Federal Courthouse in Albany, NY.

Issued:   2:30 p.m. on Monday, June 9, 2014
          Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[2]   No reply will be permitted without a prior leave, upon a showing of cause.